IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THIRD DEGREE FILMS, INC.** | * |
| *Plaintiff,* | * |
| v. | * Case No.: RWT 12cv23 |
| **DOES 1-85** | * |
| *Defendants.* | * |

# MEMORANDUM OPINION AND ORDER

On January 3, 2012, Plaintiff, Third Degree Films, filed suit against unidentified John Doe Defendants 1 through 85., seeking monetary and injunctive relief for copyright infringement under 17 U.S.C. § 101 *et seq.*[1] Plaintiff alleges that Defendants illegally downloaded Plaintiff's copyrighted adult motion picture through a "Peer to Peer" network known as a Bit Torrent network. *See* Compl. ¶ 9. Defendants allegedly shared the exact same digital copy of its work, and Defendants participated in the same Bit Torrent "swarm." *Id.* at ¶¶ 9-12. Pending before the Court are (1) Motions to Dismiss or Sever for Misjoinder and Motions to Quash the Subpoena filed by Does 60, 13, 76, 83, 36, 3, 47, 52  (ECF Nos. 14, 15, 16, 17, 18, 20, 28, 30), (2) Motions to Quash Plaintiff's Subpoena filed by Does 48, 81, 80, 33 (ECF Nos. 6, 8, 23, 35), (3) Motion to Dismiss for Lack of Personal Jurisdiction, filed by Doe 81 (ECF No. 11), and (4) Motion for a Protective Order filed by Doe 81 (ECF No. 12). All the issues have been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6.

---

[1] On March 15, 2012, Plaintiff filed a notice in this court to voluntarily dismiss the case with prejudice against Doe Defendants 15, 21, 25, 27, 54, 58, and 66. *See* ECF No. 32. Therefore Doe Defendants 1-14, 16-20, 22-24, 26, 28-53, 55-57, 59-65 and 67-81 are the only remaining Defendants.

Bit Torrent enables faster, more efficient sharing of large files by distributing the work of downloading and uploading files among several computers.  First, a user installs a Bit Torrent client on his or her computer and uses the client to create a torrent descriptor file for the target file. The client breaks the target file into pieces, each of which is assigned an alphanumeric identifier unique to the target file, known as a "hash."  The original file is known as a "seed," and the user sharing it is known as a "seeder".  Next, pieces of the target file are downloaded by other Bit Torrent users.  After a user downloads a piece of the target file, that piece is immediately available to other users.  The workload of sharing is distributed among a "swarm" of users. After a user has downloaded all of the file pieces, the client compares the hash values of each piece against that recorded in the original torrent file to ensure that the reconstituted file is error-free.  If the reconstituted file is error free, the user becomes a new "seeder" and the reconstituted file is now a new "seed."  It is not necessary for a user to download a particular piece from the original seeder.

Under Federal Rule of Civil Procedure 20(a)(2), which describes the requirements for permissive joinder, "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The principal question is whether uploading or downloading pieces of the exact same digital copy of a work through the Bit Torrent program means that Defendants' actions are transactionally-related for the purposes of Rule 20(a)(2).  Courts in this District, as well as across the country, are split on whether defendants who have shared files via Bit Torrent and have participated in the same swarm is proper.  Some courts have held that joinder is proper.  *See*

*Third Degree Films, Inc. v. Does 1–108*, No. 11–3007–DKC, 2012 WL 669055, at *4–*5 (D.Md. Feb. 28, 2012); *Patrick Collins, Inc. v. Does 1–15*, No. 11–cv–02164–CMA–MJW, 2012 WL 415436, at *2–*4 (D.Colo. Feb.8, 2012); *Digital Sin, Inc. v. Does 1–176*, No. 12–cv–00126 (AJN), 2012 WL 263491, at *5 (S.D.N.Y. Jan. 30, 2012); *Third Degree Films, Inc. v. Does 1–118*, No. 11–cv–03006–AW, 2011 WL 6837774, at *2–*3 (D.Md. Dec. 28, 2011); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 342–43 (D.D.C.2011); *W. Coast Prod., Inc. v. Does 1–5829*, 275 F.R.D. 9, 15–16 (D.D.C.2011); *K–Beech, Inc. v. Does 1–57*, No. 2:11–cv–358–Ftm–36SPC, 2011 WL 5597303, at *5–*7 (M.D. Fla. Nov.1, 2011); *Hard Drive Prods., Inc. v. Does 1–55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D.Ill. Oct.12, 2011); *DonkeyballMovie, LLC v. Does 1–171*, No. civ–10–1520(BAH), 2011 WL 1807452, at *4–*5 (D.D.C. May 12, 2011). Others have held joinder to be improper. *See Patrick Collins, Inc. v. Does 1-23*, No. JFM 8:12–cv–00087, 2012 WL 1144918, at *3 (D.Md. April 4, 2012); *CineTel Films, Inc. v. Does 1-1052*, No. JFM 8:11–cv–02438, 2012 WL 1142272, 1 (D. Md. April 4, 2012). *IO Group, Inc. v. Does 1–435*, No. C 10–4382 SI, 2011 WL 445043, at *3–*6 (N.D.Cal. Feb. 3, 2011); *Elektra Entm't Group, Inc. v. Does 1–9*, No. 04 Civ. 2289(RWS), 2004 WL 2095581, at *5–*7 (S.D.N.Y. Sept. 8, 2004); *BMG Music*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D.Pa. Apr. 2, 2004). This Court believes the latter group of cases to be better reasoned.

The Plaintiff's fundamental problem is that the transactions of each Defendant Doe are not related to one another. Plaintiff has only alleged that "Defendants in this case engaged in a series of related transactions, because they all downloaded the exact same file (not just the same copyrighted work), within a limited period of time." *See* Compl. ¶13. Indeed, the better-reasoned decisions have held that where a plaintiff has not plead that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied.

*CineTel Films, Inc.*, 2012 WL 1142272 at *7; *See Hard Drive Prods.*, 809 F. Supp.2d at 1161, 1163 (stating that Rule 20 joinder was improper because "the only commonality between the copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way" and that "merely infringing the same copyrighted work over [a given time] period is not enough [to support joinder]" and "even if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses acted in concert with all the others." ) (internal quotations and citations omitted).

Moreover, the time period of the alleged infringing transactions reinforces the notion that the Defendant Does in the instant action were not necessarily sharing files with one another such that they engaged in the same transaction, occurrence, or series of transactions or occurrences as required by Rule 20(a)(2). *See CineTel Films*, 2012 WL 1142272 at *7 (finding transactions to be unrelated and joinder to be improper, in part, because "the alleged infringement was committed by unrelated defendants, through independent actions, at different times and locations."). Exhibit A attached to the Complaint indicates that the downloads or uploads occurred between October 2011 and December 2011.

Because Plaintiff cannot satisfy the first prong of the permissive joinder test—i.e. that the infringement arises "out of the same transaction, occurrence, or series of transactions or occurrences"—the Court need not address the second prong of the permissive joinder test to evaluate whether any question of law or fact is common to all the Defendants. If Defendants are improperly joined, the Court "on motion or on its own ... may at any time, on just terms ... drop a party." *See* Fed. R. Civ. P. 21. The Federal Rules make clear that "misjoinder of parties is not a ground for dismissing an action" in its entirety. *Id.*

Accordingly, it is, this 18th day of April, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that All Doe Defendants are **SEVERED** from this action, except Doe #1 ; and it is further

**ORDERED**, that Plaintiff's claims against severed Doe Defendants 2-14, 16-20, 22-24, 26, 28-53, 55-57, 59-65 and 67-81 are **DISMISSED without prejudice**; and it is further

**ORDERED**, that, all subpoenas seeking severed Defendants' personal identifying information are hereby **QUASHED**; and it is further

**ORDERED**, that Plaintiff **SHALL IMMEDIATELY NOTIFY** subpoena recipients that the subpoenas have been quashed and that Doe Defendants, except Doe #1, have been severed and are not litigants in this case; and it is further

**ORDERED**, that that Plaintiff shall **FILE UNDER SEAL** copies of all notices sent to the severed Doe Defendants; and it is further

**ORDERED**, that moving forward, all documents filed in this action that contain Doe #1's identifying information shall be filed under seal; and it is further

**ORDERED**, that all pending motions (ECF Nos. 6, 8, 10, 12, 14, 15, 16, 17, 18, 20, 23, 25, 28, 30, 33, 35)  from severed defendants are **DENIED AS MOOT**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE